PER CURIAM.
On November 13,1979, the Judge of Section A of the Criminal District Court for the Parish of Orleans, in accordance with a plea bargain, sentenced relator to six years imprisonment at hard labor, to run concurrently with another sentence previously imposed in Mississippi. On December 29, 1982, in response to relator’s application for postconviction relief, the successor judge ordered the Louisiana Department of Corrections to deliver relator to the Mississippi Department of Corrections.
On February 7, 1983, relator executed a waiver of extradition proceedings, and the Judge of the 20th Judicial District Court (the district in which Dixon Correctional Institute is located) again ordered the Louisiana Department of Corrections to deliver relator to the Mississippi officials.
The Louisiana Department of Corrections did not comply with these court orders or seek modification thereof, but merely requested Mississippi officials to prepare and secure a “governor’s executive agreement”. On June 24, 1983, relator then applied to this court for supervisory relief.
At this court’s request, the Louisiana Department of Corrections filed a response to relator’s application, asserting that La.C. Cr.P. Art. 272 requires a re-extradition agreement before the demanded person is surrendered to the demanding state. The Department further asserted that it would be derelict in its duty to allow a prisoner to be sent to another jurisdiction without such an agreement.
The Department of Corrections, even if correct in its interpretation of Article 272, may not simply ignore a court order. If the Department believed that the order was *997 premature or otherwise improper, the appropriate procedure was to seek modification of the order from the issuing court, after which either the Department or the relator could seek further review by applying to the appropriate appellate court.[1]
Accordingly, relator’s application is granted, and it is ordered that the Department of Corrections show caqse in the 20th Judicial District Court why the order of that court has not been effectuated.

. The relator in the present case could also have sought to have the conviction set aside on the basis that the plea bargain could not be fulfilled.